1  Peter J. Anderson, Esq., Cal. Bar No. 88891
   E-Mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A Professional Corporation
3  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
4  Tel: (310) 260-6030
   Fax: (310) 260-6040
5
   Attorney for Defendants
6  SONY MUSIC ENTERTAINMENT and
   SARAH WEINSTEIN DENNISON
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11  COURTNEY BARNES,                    )  Case No.
                                        )
12          Plaintiff,                  )  CV14-0965
                                        )
13      vs.                             )  NOTICE OF REMOVAL
                                        )
14  SONY MUSIC ENTERTAINMENT,           )
    INC.; RCA MUSIC GROUP; SARAH        )
15  DENNISON, an individual; and DOES 1 )
    through 100, inclusive,             )
16                                      )
            Defendants.                 )
17                                      )
                                        )
18  _____    )

19

20

21

22

23

24

25

26

27

28

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332 and 1446, defendants Sony Music Entertainment, sued erroneously as Sony Music Entertainment, Inc., and as RCA Music Group, and Sarah Weinstein Dennison, sued erroneously as Sarah Dennison ("Defendants") hereby remove the action identified below, from the Superior Court of the State of California, County of Los Angeles, West District, to the United States District Court for the Central District of California, Western Division, which is the judicial district in which the action is pending.

## 1.   DIVERSITY JURISDICTION

1.   This Court has jurisdiction over this action and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1446. Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### (a)   This Notice of Removal is Timely

2.   On or about October 24, 2013, plaintiff Courtney Barnes ("Plaintiff") commenced the action by filing his Complaint in the Superior Court of the State of California, County of Los Angeles, West District. The Complaint alleges causes of action for intentional interference with contractual relations and intentional interference with prospective economic relations. The action is captioned *Courtney Barnes, plaintiff v. Sony Music Entertainment, Inc.; RCA Music Group; Sarah Dennison, an individual; and Does 1-100, inclusive, defendants*, Case No. SC 121 554. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit 1.

3.   On December 9, 2013, Defendants accepted service of the Summons and Complaint.

1       4.      The Complaint does not state the amount in controversy. However, on

2   January 30, 2014, Plaintiff served by mail responses to discovery that reveal that the

3   amount in controversy exceeds $75,000, exclusive of interest and costs. As a result,

4   the action became removable no sooner than January 30, 2014.

5       5.      Pursuant to 28 U.S.C. § 1446(b)(3), Defendants have 30 days from their

6   receipt, through service or otherwise, "of a copy of an amended pleading, motion,

7   order or other paper from which it may first be ascertained that the case is one which

8   is or has become removable." Pursuant to 28 U.S.C. § 1446(c)(3)(A), if, as here, the

9   case stated by the Complaint is not removable solely because the amount in

10   controversy does not satisfy 28 U.S.C. § 1332(a), a plaintiff's discovery response

11   stating the amount in controversy constitutes "other paper from which it may first be

12   ascertained that the case is one which is or has become removable." After January

13   30, 2014, Defendants received Plaintiff's discovery responses stating the amount in

14   controversy and from which responses was first ascertained that the action is

15   removable.

16       6.      Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. §

17   1446(b)(3), insofar as it is filed within 30 days of Defendants' receipt of Plaintiff's

18   January 30, 2014 discovery responses stating the amount in controversy.

19       **(b)**    **Complete Diversity Exists Between Defendant and Plaintiff**

20       7.      Complete diversity exists between Plaintiff and Defendants.

21       8.      Plaintiff is, and was at the time of filing of the action, an individual, a

22   citizen of the United States, a resident of the State of California with the intention to

23   remain in the State of California, and, therefore, domiciled in the State of California.

24       9.      Defendant Sony Music Entertainment is a Delaware general partnership

25   with its principal place of business in the State of New York and whose partners are:

26           (a)    Sony Music Holdings Inc., which is a Delaware corporation

27       with its principal place of business in the State of New York; and

28

1          (b)   USCO Sub LLC, which is a Delaware limited liability

2     company with its principal place of business in the State of New York,

3     and whose sole member is Sony Music Holdings Inc., a Delaware

4     corporation with its principal place of business in the State of New York.

5         10.   Although Plaintiff's Complaint names RCA Music Group as a

6     defendant, there is no such entity.  Rather, RCA Music Group is a business division

7     of Sony Music Entertainment.

8         11.   Defendant Sarah Weinstein Dennison is an individual and is, and was at

9     the time of filing of the action, a citizen of the United States, a resident of the State of

10    New York with the intention to remain in the State of New York, and, therefore,

11    domiciled in the State of New York.

12        12.   While the Complaint refers to Doe defendants, they are disregarded in

13    determining the removability of this action.  28 U.S.C. § 1441(b)(1).

14        13.   Accordingly, there is complete diversity under 28 U.S.C. § 1332(c)(1).

15        **(c)**   **Amount in Controversy Exceed $75,000**

16        14.   The amount in controversy exceeds $75,000, exclusive of interest and

17    costs.

18        15.   The Complaint alleges general damages, special damages including loss

19    of earnings, and punitive damages, each in an amount to be proven.  The Complaint

20    does not state the amount sought and that amount cannot otherwise be determined

21    from the face of the Complaint.

22        16.   However, on January 30, 2014, Plaintiff served by mail his Responses to

23    Sony Music Entertainment's Specially Prepared Interrogatories and Form

24    Interrogatories.  A true and correct copy of Plaintiff's verified Response to Sony

25    Music Entertainment's Specially Prepared Interrogatories is attached hereto as

26    Exhibit 2.  True and correct copies of Sony Music Entertainment's Form

27    Interrogatories and Plaintiff's verified Response to those Form Interrogatories are

28    attached hereto as Exhibits 3 and 4, respectively.

17.    In his Response to Sony Music Entertainment's Specially Prepared Interrogatory No. 4, Plaintiff claims damages "[i]n excess of $250,000." *See,* Exhibit 2 at 4.

18.    In his Response to Sony Music Entertainment's Form Interrogatory No. 8.7, Plaintiff claims lost income to date of at least $105,500; and in his Response to Sony Music Entertainment's Form Interrogatory No. 9.1(c), Plaintiff claims damages to his professional reputation "in excess of $100,000." *See,* Exhibit 3 at 4-5 & Exhibit 4 at 6.

19.    Plaintiff's January 30, 2014, Responses to discovery thus reveal that Plaintiff claims more than $75,000, exclusive of interest and costs, in the action.

20.    While Defendants deny that Plaintiff is entitled to any relief, the amount in controversy requirement for diversity jurisdiction is satisfied by the amounts Plaintiff seeks as disclosed in his discovery Responses served by mail on January 30, 2014.

**3.    ALL OTHER REMOVAL REQUIREMENTS HAVE BEEN MET**

21.    Pursuant to 28 U.S.C. § 1441(a), copies of all pleadings, process, and orders served on and by Defendants in the State action are attached to this Notice of Removal, as follows:

Exhibit 1:   Summons and Complaint.

Exhibit 5:   Superior Court Notice of Case Assignment to Individual Calendar Court.

Exhibit 6:   Defendants' Answer to the Complaint.

Although not pleadings, process or orders, also attached to this Notice of Removal as Exhibits 7 and 8 are the Case Management Statements filed with the State Court by Plaintiff and Defendants, respectively.

22.    A copy of the Notice of removal that will be filed with the Superior Court of California, County of Los Angeles, West District, pursuant to 28 U.S.C. § 1446(d), is attached hereto as Exhibit 9.

4

23.   This Notice of Removal is properly filed in the Central District of California, Western Division, pursuant to 28 U.S.C. § 1446(a), insofar as the action is pending in this judicial district.

24.   Plaintiff's Complaint names no other named defendants in the State action, and as of the date of the filing of this Notice, no Doe defendant has been identified or served with the Summons and Complaint.

**WHEREFORE,** defendants Sony Music Entertainment and Sarah Weinstein Dennison respectfully remove this action from the Superior Court of the State of California, County of Los Angeles, West District, to this Honorable Court pursuant to 28 U.S.C. § 1441.

Dated: February 7, 2014

Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
SONY MUSIC ENTERTAINMENT and
SARAH WEINSTEIN DENNISON

# EXHIBIT 1

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** SONY MUSIC ENTERTAINMENT, INC.; RCA MUSIC
*(AVISO AL DEMANDADO):* GROUP; SARAH DENNISON, an individual; and DOES
1 through 100, inclusive

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**OCT 24 2013**

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** COURTNEY BARNES
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* **SC121554** |
|---|---|

LOS ANGELES COUNTY SUPERIOR COURT
1725 Main Street

Santa Monica, CA 90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James J. Orland, Esq.                                    310/546-8139              310/546-8193
ORLAND LAW GROUP
1334 Parkview Avenue, Suite 100
Manhattan Beach, CA 90266

DATE: **OCT 24 2013**                   Clerk, by _____, Deputy
*(Fecha)*                                *(Secretario)*              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

**6**

Legal
Solutions
℞ Plus

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT 1**

James J. Orland, Esq. (State Bar No.161937)
ORLAND LAW GROUP
1334 Parkview Avenue, Suite 100
Manhattan Beach, CA 90266
310/546-8139 - Telephone
310/546-8193 - Facsimile

Attorneys for Plaintiff COURTNEY BARNES

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 24 2013

Sherri R. Carter, Executive Officer/Clerk
By _____ Deputy
Richard A. Stone
CASE MANAGEMENT CONFERENCE

FEB 1 0 2014

Date

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

COURTNEY BARNES,

                              Plaintiff,

                vs

SONY MUSIC ENTERTAINMENT, INC.;
RCA MUSIC GROUP; SARAH
DENNISON, an individual; and DOES 1
through 100, inclusive,

                              Defendants.

Case No.     SC121554

COMPLAINT FOR:

1) INTENTIONAL INTERFERENCE
WITH CONTRACTUAL RELATIONS;
2) INTENTIONAL INTERFERENCE
WITH PROSPECTIVE ECONOMIC
RELATIONS

Plaintiff COURTNEY BARNES is and for his causes of action against defendants and
each of them, alleges as follows:

1.      Plaintiff COURTNEY BARNES (hereinafter referred to as "PLAINTIFF") is, and
at all material times herein mentioned is, an individual residing in the State of California,
County of Los Angeles.

2.      Defendant SARAH DENNISON (hereinafter referred to as "DENNISON") is,
and at all material times herein mentioned is, an individual and an employee of defendant
SONY MUSIC ENTERTAINMENT, INC. and employed in the City of New York, State of
New York.

**EXHIBIT 1**

3.     Defendant SONY MUSIC ENTERTAINMENT, INC. is and all times herein mentioned is a New York Corporation doing business in the State of California.

4.     Defendant RCA MUSIC GROUP is a subsidiary of defendant SONY MUSIC ENTERTAINMENT, INC.

5.     Defendants DOES 1 through 20, inclusive are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by alleging their true names and capacities herein.

6.     Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and Plaintiff damages as herein alleged were proximately caused by those defendants.

7.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the defendants was acting as the agent, servant, employee, partner, joint tortfeasor, alter ego and/or enjoyed some vicarious liability relationship with each of the other defendants, and in doing the things herein alleged, was acting within the course and scope of such agency, permission, employment, partnership, joint venture and/or other business relationship.

8.     Plaintiff is an independent public relations representative representing mostly African-American clients in the music industry.

9.     Defendant Sarah DENNISON is a Vice-President of Publicity with RCA Records in New York, New York.

10.     Defendants Sony Music Entertainment, Inc. and RCA Music Group have a history and practice of discriminating against African Americans in the music industry. Plaintiff is informed and believes that Defendants and each of them, including Defendant DENNISON, refused to work with Plaintiff as a result of his race and in fact forced Plaintiff's clients to not work with Plaintiff.

11.     In January 2013, Courtney Barnes was contacted by an individual who had been hired as a management consultant to Recording Artist X (hereinafter referred to as "ARTIST").

**EXHIBIT 1**

ARTIST had previously been signed by RCA Records. In February 2013, Plaintiff COURTNEY BARNES was hired to be ARTIST's publicist. Plaintiff began planning to ensure that press would cover a video shoot that ARTIST was going to participate in on or about February 9, 2013.

12. On or about February 11, 2013, Plaintiff was contacted by ARTIST's manager, who indicated that he needed to immediately cancel Plaintiff's contract with ARTIST. He further told Plaintiff that defendant DENNISON had demanded that Plaintiff be fired and had indicated her distaste for Plaintiff. ARTIST's manager further indicated that DENNISON refused to work with Plaintiff or allow anyone on her staff to work with him. ARTIST'S manager was told by defendant DENNISON that if he did not immediately fire Plaintiff, her department would take public relations retribution against upcoming ARTIST's project set for release in Winter of 2013. ARTIST's manager told Plaintiff that the reason RCA and defendant DENNISON would not work with him was based on his "shady business practices". ARTIST's manager, over the next several days, confirmed with RCA that defendant DENNISON had demanded Plaintiff's dismissal as ARTIST's publicist. Thereafter, Plaintiff was dismissed as ARTIST's publicist.

13. Plaintiff is informed and believes and thereon alleges that the motivation for defendant DENNISON to force ARTIST's management team to fire Plaintiff was due to racial motivations. Defendant DENNISON's reference to Plaintiff as a "shady individual" was racially coded language intended to disparage plaintiff.

### FIRST CAUSE OF ACTION

#### (For Intentional Interference with Contractual Relations)

14. Plaintiff incorporates by reference paragraphs 1-13 above, inclusive, as if fully set forth herein.

15. Plaintiff claims that defendants DENNISON, SONY MUSIC ENTERTAINMENT, INC. and RCA MUSIC GROUP interfered with the contract between Plaintiff and ARTIST. Plaintiff further alleges that there was a valid contract between Plaintiff

**EXHIBIT 1**

1  and ARTIST and that defendants, and each of them, knew of this contract. Defendants,
2  including defendant DENNISON intended to disrupt the performance of this contract.
3  Defendants, including defendant DENNISON's conduct prevented performance of the contract.
4  As a result of defendant's conduct, Plaintiff was fired by ARTIST.
5      16.    In addition, Plaintiff was financially harmed and his reputation was tarnished by
6  defendant's conduct. Defendants, including defendant DENNISON were a substantial factor in
7  causing harm to Plaintiff. As a result of defendants' conduct, Plaintiff has suffered emotional
8  stress, mental anguish and damages consisting of lost profits. In addition, Plaintiff's reputation
9  in the industry has been harmed. The wrongful acts of each of them were willful, oppressive,
10 fraudulent and malicious, thus warranting an award of punitive damages in an amount adequate
11 to punish defendants and to deter future misconduct.

13                         SECOND CAUSE OF ACTION
14            (For Intentional Interference with Prospective Economic Relations)
15      17.    Plaintiff incorporates by reference paragraphs 1-16 above, inclusive, as if fully set
16 forth herein.
17      18.    Plaintiff claims that defendants, including defendant DENNISON intentionally
18 interfered with the economic relationship between Plaintiff and ARTIST that probably would
19 have resulted in an economic benefit to Plaintiff.
20      19.    Plaintiff and ARTIST were in an economic relationship that probably would have
21 resulted in an economic benefit to Plaintiff. Defendants, including defendant DENNISON
22 knew of the relationship. Defendants, including defendant DENNISON intended to disrupt the
23 relationship. Defendants, including defendant DENNISON engaged in wrongful conduct by
24 forcing ARTIST and her management group to not work with Plaintiff. Defendant DENNISON
25 also referred to Plaintiff in an unsavory light and used racial undertones describing Plaintiff.
26 Defendant DENNISON's motivation for interfering with Plaintiff's business relationship was
27 racial in nature and was done for no legitimate purpose.

**EXHIBIT 1**

20.   Due to the actions of defendants, including defendant DENNISON, the relationship between Plaintiff and ARTIST was disrupted.  As a result, Plaintiff has been harmed and in fact, has lost profits and has had his business reputation damaged.  Defendants, including defendant DENNISON's wrongful conduct, was a substantial factor in causing Plaintiff harm and has resulted in Plaintiff no longer working with ARTIST.

21.   As a result of defendants' conduct, including defendant DENNISON's, Plaintiff was fired by ARTIST.  In addition, Plaintiff was financially harmed and his reputation was tarnished.  Defendants, including defendant DENNISON were a substantial factor in causing harm to Plaintiff.  As a result of defendants' conduct, Plaintiff has suffered emotional stress, mental anguish and damages consisting of lost profits.  In addition, Plaintiff's reputation in the industry has been harmed.  The wrongful acts of each of them were willful, oppressive, fraudulent and malicious, thus warranting an award of punitive damages in an amount adequate to punish defendants and to deter future misconduct.

PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.   General damages in an amount to be proven at the time of trial;

2.   Special damages including loss of earnings;

3.   For punitive damages in an amount to be proven at the time of trial;

5.   For other further relief as the Court may deem proper.

Dated: October 2? 2013                    ORLAND LAW GROUP


                                          By: _____
                                              James J. Orland
                                              Attorney for Plaintiff COURTNEY BARNES

5

COMPLAINT

**11**                                                    **EXHIBIT 1**

# EXHIBIT 2

**James J. Orland, Esq.** (State Bar No.161937)
**ORLAND LAW GROUP**
1334 Parkview Avenue, Suite 100
Manhattan Beach, CA 90266
310/546-8139 - Telephone
310/546-8193 - Facsimile

**Attorneys for** Plaintiff COURTNEY BARNES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| COURTNEY BARNES, | Case No. **SC121554** |
| Plaintiff, | **RESPONSE TO SPECIAL INTERROGATORIES** |
| vs | |
| SONY MUSIC ENTERTAINMENT, INC.; RCA MUSIC GROUP; SARAH DENNISON, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |

PROPOUNDING PARTIES:  Defendants SONY MUSIC ENTERTAINMENT, INC.; RCA MUSIC  GROUP; SARAH DENNISON

RESPONDING PARTY:     Plaintiff COURTNEY BARNES

SET NO.:              One

//

//

//

1

**EXHIBIT 2**

## PRELIMINARY STATEMENT

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party and discloses only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions, and legal responses herein set forth. The following responses are without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall or discover. Responding party accordingly reserves its right to change any and all responses herein as investigation is conducted, additional facts are ascertained, analysis is made, legal research is concluded and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of this responding party in relation to further discovery, research or analysis. These responses are made solely for the purpose of this action.

## SPECIALLY PREPARED INTERROGATORY NO. 1:

Please state all facts upon which you base your contention that defendants interfered with your alleged contract with ARTIST (as used in these Specially Prepared Interrogatories, "ARTIST" has the same meaning as the word "ARTIST" as used in your Complaint filed in this action).

## RESPONSE TO SPECIALLY PREPARED INTERROGATORY NO. 1:

Sarah Dennison, as an individual and in conjunction with her employment with Sony Music Entertainment and RCA Music Group, coerced and threatened Fantasia and her management team into ending their professional relationship with Plaintiff. Defendant Dennison

had referenced Plaintiff as a "shady character" and threatened that if Plaintiff was not immediately fired, she and defendants would exact public relations retribution on Fantasia and her upcoming album which included decreasing funding and public relations exposure for Fantasia.

**SPECIALL PREPARED INTERROGATORY NO. 2:**

Please state all facts upon which you base your contention that defendants interfered with your alleged relationship with ARTIST.

**RESPONSE TO SPECIALLY PREPARED INTERROGATORY NO. 2:**

On or about February, 2013, Plaintiff was contacted by Fantasia's manager Brian Dickens, who indicated that he needed to immediately cancel Plaintiff's contract with Fantasia. He further told Plaintiff that defendant DENNISON had demanded that Plaintiff be fired and had indicated her distaste for Plaintiff. Dickens further indicated that DENNISON refused to work with Plaintiff or allow anyone on her staff to work with him. Fantasia's management team was told by defendant DENNISON that if they did not immediately fire Plaintiff, her department would take public relations retribution against Fantasia's upcoming project set for release in Winter of 2013. Fantasia's management told Plaintiff that the reason RCA and defendant DENNISON would not work with him was based on his "shady business practices". Fantasia's manager, over the next several days, confirmed with RCA that defendant DENNISON had demanded Plaintiff's dismissal as ARTIST's publicist. Thereafter, Plaintiff was dismissed as ARTIST's publicist.

**SPECIALLY PREPARED INTERROGATORY NO. 3:**

Please state all facts upon which you base your contention that defendants damaged your reputation in the industry

**EXHIBIT 2**

**RESPONSE TO SPECIALLY PREPARED INTERROGATORY NO. 3:**

During the time Plaintiff was retained by Fantasia, before defendants had forced Fantasia's management team to fire Plaintiff, Plaintiff had called Good Morning America, Access Hollywood, Entertainment Tonight, EXTRA, the Wendy Williams Show, the Ellen show, Jimmy Fallen, Jimmy Kimmel to secure bookings in conjunction with the release of her upcoming album. He also spoke with numerous other media outlets including Associated Press, and Sister 2 Sister magazine regarding feature stories and performances by Fantasia. As a result of Defendant's actions, Plaintiff's credibility was damaged and his reputation was tarnished since he had to now let these individuals and entities know that he was terminated and was no longer representing Fantasia.

**SPECIALLY PREPARED INTERROGATORY NO. 4:**

Please set forth the amount of damages you contend you suffered as a result of defendants' alleged conduct.

**RESPONSE TO SPECIALLY PREPARED INTERROGATORY NO. 4:**

In excess of $250,000.00. Discovery is continuing.

**SPECIALLY PREPARED INTERROGATORY NO. 5:**

Please set forth the amount of lost profits you contend you suffered as a result of defendants' alleged conduct.

**RESPONSE TO SPECIALLY PREPARED INTERROGATORY NO. 5:**

Past lost profits--$18,000.00. Future lost profits- $58,000 annually.

**SPECIALLY PREPARED INTERROGATORY NO. 6:**

Please identify the "Plaintiff's clients" referred to at page 2, line 25, of your Complaint in this action (as used in these Specially Prepared Interrogatories.

**EXHIBIT 2**

**RESPONSE TO SPECIALLY PREPARED INTERROGATORY NO. 6:**

Fantasia Barrino and Brandy Norwood

**SPECIALLY PREPARED INTERROGATORY NO. 7:**

Please IDENTIFY each of your clients within the preceding five years.

**RESPONSE TO SPECIALLY PREPARED INTERROGATORY NO. 7:**

Objection, violates Plaintiff's right to privacy and client confidentiality. Without waiver of said objections, Plaintiff has represented Fantasia Barrino, Brandy Norwood and a number of other high profile recording artists.

Dated: January 30, 2014                          ORLAND LAW GROUP

By: _____
James J. Orland
Attorney for Plaintiff COURTNEY BARNES

**EXHIBIT 2**

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing Response to Specially Prepared Interrogatories, Set One

_____ and know its contents.

### CHECK APPLICABLE PARAGRAPHS

[x]   I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am [ ] an Officer [ ] a partner _____ [ ] a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [ ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [ ] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]   I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on  _Janurary 28ᵗʰ_ , at  _Manhattan Beach_ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Courtney Barnes_ _____         _____

Type or Print Name                                                                 Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] BY MAIL

[ ] *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

[ ] **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

[ ] (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____         _____
Type or Print Name                                                                 Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus          Rev. 7/99

**EXHIBIT 2**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1334 Parkview Avenue, Suite 100, Manhattan Beach, CA 90266.

On the date set forth below, I served the foregoing documents described as **RESPONSE TO SPECIAL INTERROGATORIES** on all interested parties in said action:

[ X ]   By U. S. MAIL:   The documents were placed in sealed, addressed envelopes on the above date and placed for collection and mailing at my place of business. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal service on that same day with postage thereon fully prepared at Manhattan Beach, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**Peter J. Anderson**
**LAW OFFICES OF PETER J. ANDERSON**
**100 Wilshire Boulevard, Suite 2010**
**Santa Monica, CA 90401**
**310/260-6030; FAX 310/260-6040**
**Attorney for SONY MUSIC ENTERTAINMENT and SARAH DENNISON**

[X]   STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 30, 2014, at Manhattan Beach, California.

ANDREA MOYA

RESPONSE TO SPECIAL INTERROGATORIES   **EXHIBIT 2**

**18**

# EXHIBIT 3

DISC-001

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Peter J. Anderson, Esq., Cal. Bar No. 88891
LAW OFFICES OF PETER J. ANDERSON, A Professional Corporation
100 Wilshire Boulevard, Suite 2010, Santa Monica, CA 90401
TELEPHONE NO. (310) 260-6030
FAX NO. *(Optional)* (310) 260-6040
E-MAIL ADDRESS *(Optional)*: pja@pjanderson.com
ATTORNEY FOR *(Name)*: Defendant SONY MUSIC ENTERTAINMENT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

LOS ANGELES

SHORT TITLE OF CASE:

COURTNEY BARNES v. SONY MUSIC ENTERTAINMENT, INC., et al.

| FORM INTERROGATORIES—GENERAL<br>Asking Party: Defendant SONY MUSIC ENTERTAINMENT<br><br>Answering Party: Plaintiff COURTNEY BARNES<br>Set No.: 1 | CASE NUMBER:<br><br>SC 121 554 |
|---|---|

### Sec. 1. Instructions to All Parties

(a)  Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil cases.

(b)  For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010–2030.410 and the cases construing those sections.

(c)  These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

### Sec. 2. Instructions to the Asking Party

(a)  These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, *Form Interrogatories—Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b)  Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c)  You may insert your own definition of **INCIDENT** in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d)  The interrogatories in section 16.0, Defendant's Contentions–Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e)  Additional interrogatories may be attached.

### Sec. 3. Instructions to the Answering Party

(a)  An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b)  As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260–2030.270 for details.

(c)  Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d)  If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e)  Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in the response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f)  Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g)  If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h)  Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____   _____
*(DATE)*                        *(SIGNATURE)*

### Sec. 4. Definitions

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[ X ]  (1)  **INCIDENT** includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]

FORM INTERROGATORIES—GENERAL

Code of Civil Procedure
§§ 2030.010-2030.410, 2033.710
www.courtinfo.ca.gov

19

*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT 3**

DISC-001

(2)   INCIDENT means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(a)(2)")*:

**(b) YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

(c)  **PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

(d)  **DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

(e)  **HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

(f)  **ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**

The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

## CONTENTS

1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information—Individual
3.0 General Background Information—Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation—General
13.0 Investigation—Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred—Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
Family Law *[See separate form FL-145]*

**1.0 Identity of Persons Answering These Interrogatories**

[X] 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. (*Do not identify anyone who simply typed or reproduced the responses.*)

**2.0 General Background Information—Individual**

[X] 2.1 State:
(a)  your name;
(b)  every name you have used in the past; and
(c)  the dates you used each name.

[X] 2.2 State the date and place of your birth.

[ ] 2.3 At the time of the **INCIDENT**, did you have a driver's license? If so state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

[ ] 2.4 At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

[X] 2.5 State:
(a)  your present residence **ADDRESS**;
(b)  your residence **ADDRESSES** for the past five years; and
(c)  the dates you lived at each **ADDRESS.**

[X] 2.6 State:
(a)  the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b)  the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the **INCIDENT** until today.

[X] 2.7 State:
(a)  the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b)  the dates you attended;
(c)  the highest grade level you have completed; and
(d)  the degrees received.

[X] 2.8  Have you ever been convicted of a felony? If so, for each conviction state:
(a)  the city and state where you were convicted;
(b)  the date of conviction;
(c)  the offense; and
(d)  the court and case number.

[ ] 2.9  Can you speak English with ease? If not, what language and dialect do you normally use?

[ ] 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

**20**

**EXHIBIT 3**

*LexisNexis® Automated California Judicial Council Forms*

DISC-001

[X] 2.11 At the time of the **INCIDENT** were you acting as an agent or employee for any **PERSON?** If so, state:
(a) the name, **ADDRESS**, and telephone number of that **PERSON**; and
(b) a description of your duties.

[ ] 2.12 At the time of the **INCIDENT** did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the **INCIDENT?** If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature of the disability or condition; and
(c) the manner in which the disability or condition contributed to the occurrence of the **INCIDENT**.

[ ] 2.13 Within 24 hours before the **INCIDENT** did you or any person involved in the **INCIDENT** use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
(a) the name, **ADDRESS**, and telephone number;
(b) the nature or description of each substance;
(c) the quantity of each substance used or taken;
(d) the date and time of day when each substance was used or taken;
(e) the **ADDRESS** where each substance was used or taken;
(f) the name, **ADDRESS**, and telephone number of each person who was present when each substance was used or taken; and
(g) the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

### 3.0 General Background Information—Business Entity

[ ] 3.1 Are you a corporation? If so, state:
(a) the name stated in the current articles of incorporation;
(b) all other names used by the corporation during the past 10 years and the dates each was used;
(c) the date and place of incorporation;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] 3.2 Are you a partnership? If so, state:
(a) the current partnership name;
(b) all other names used by the partnership during the past 10 years and the dates each was used;
(c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
(d) the name and **ADDRESS** of each general partner; and
(e) the **ADDRESS** of the principal place of business.

[ ] 3.3 Are you a limited liability company? If so, state:
(a) the name stated in the current articles of organization;
(b) all other names used by the company during the past 10 years and the date each was used;
(c) the date and place of filing of the articles of organization;
(d) the **ADDRESS** of the principal place of business; and
(e) whether you are qualified to do business in California.

[ ] 3.4 Are you a joint venture? If so, state:
(a) the current joint venture name;
(b) all other names used by the joint venture during the past 10 years and the dates each was used;
(c) the name and **ADDRESS** of each joint venturer; and
(d) the **ADDRESS** of the principal place of business.

[ ] 3.5 Are you an unincorporated association?
If so, state:
(a) the current unincorporated association name;
(b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
(c) the **ADDRESS** of the principal place of business.

[ ] 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
(a) the name;
(b) the dates each was used;
(c) the state and county of each fictitious name filing; and
(d) the **ADDRESS** of the principal place of business.

[ ] 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
(a) identify the license or registration;
(b) state the name of the public entity; and
(c) state the dates of issuance and expiration.

### 4.0 Insurance

[ ] 4.1 At the time of the **INCIDENT**, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, for each policy state:
(a) the kind of coverage;
(b) the name and **ADDRESS** of the insurance company;
(c) the name, **ADDRESS**, and telephone number of each named insured;
(d) the policy number;
(e) the limits of coverage for each type of coverage contained in the policy;
(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
(g) the name, **ADDRESS**, and telephone number of the custodian of the policy.

[ ] 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the **INCIDENT?** If so, specify the statute.

### 5.0 *[Reserved]*

### 6.0 Physical, Mental, or Emotional Injuries

[X] 6.1 Do you attribute any physical, mental, or emotional injuries to the **INCIDENT?** *(If your answer is "no," do not answer interrogatories 6.2 through 6.7)*.

[X] 6.2 Identify each injury you attribute to the **INCIDENT** and the area of your body affected.

**21**

**EXHIBIT 3**
*LexisNexis® Automated California Judicial Council Forms*

DISC-001

[X] 6.3   Do you still have any complaints that you attribute to the **INCIDENT?** If so, for each complaint state:
(a) a description;
(b) whether the complaint is subsiding, remaining the same, or becoming worse; and
(c) the frequency and duration.

[X] 6.4   Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) or treatment from a **HEALTH CARE PROVIDER** for any injury you attribute to the **INCIDENT?** If so, for each **HEALTH CARE PROVIDER** state:
(a) the name, **ADDRESS,** and telephone number;
(b) the type of consultation, examination, or treatment provided;
(c) the dates you received consultation, examination, or treatment; and
(d) the charges to date.

[X] 6.5   Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the **INCIDENT?** If so, for each medication state:
(a) the name;
(b) the **PERSON** who prescribed or furnished it;
(c) the date it was prescribed or furnished;
(d) the dates you began and stopped taking it; and
(e) the cost to date.

[X] 6.6   Are there any other medical services necessitated by the injuries that you attribute to the **INCIDENT** that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a) the nature;
(b) the date;
(c) the cost; and
(d) the name, **ADDRESS,** and telephone number of each provider.

[X] 6.7   Has any **HEALTH CARE PROVIDER** advised that you may require future or additional treatment for any injuries that you attribute to the **INCIDENT?** If so, for each injury state:
(a) the name and **ADDRESS** of each **HEALTH CARE PROVIDER;**
(b) the complaints for which the treatment was advised; and
(c) the nature, duration, and estimated cost of the treatment.

### 7.0  Property Damage

[ ] 7.1   Do you attribute any loss of or damage to a vehicle or other property to the **INCIDENT?** If so, for each item of property:
(a) describe the property;
(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d) if the property was sold, state the name, **ADDRESS,** and telephone number of the seller, the date of sale, and the sale price.

[ ] 7.2   Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a) the name, **ADDRESS,** and telephone number of the **PERSON** who prepared it and the date prepared;
(b) the name, **ADDRESS,** and telephone number of each **PERSON** who has a copy of it; and
(c) the amount of damage stated.

[ ] 7.3   Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a) the date repaired;
(b) a description of the repair;
(c) the repair cost;
(d) the name, **ADDRESS,** and telephone number of the **PERSON** who repaired it;
(e) the name, **ADDRESS,** and telephone number of the **PERSON** who paid for the repair.

### 8.0  Loss of Income or Earning Capacity

[X] 8.1   Do you attribute any loss of income or earning capacity to the **INCIDENT?** (If your answer is "no," do not answer interrogatories 8.2 through 8.8).

[X] 8.2   State:
(a) the nature of your work;
(b) your job title at the time of the **INCIDENT;** and
(c) the date your employment began.

[X] 8.3   State the last date before the **INCIDENT** that you worked for compensation.

[X] 8.4   State your monthly income at the time of the **INCIDENT** and how the amount was calculated.

[X] 8.5   State the date you returned to work at each place of employment following the **INCIDENT.**

[X] 8.6   State the dates you did not work and for which you lost income as a result of the **INCIDENT.**

[X] 8.7   State the total income you have lost to date as a result of the **INCIDENT** and how the amount was calculated.

[X] 8.8   Will you lose income in the future as a result of the **INCIDENT?** If so, state:
(a) the facts upon which you base this contention;
(b) an estimate of the amount;
(c) an estimate of how long you will be unable to work; and
(d) how the claim for future income is calculated.

DISC-001

**9.0  Other Damages**

[X]  9.1  Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
(a)  the nature;
(b)  the date it occurred;
(c)  the amount; and
(d)  the name, **ADDRESS**, and telephone number of each **PERSON** to whom an obligation was incurred.

[X]  9.2  Do any **DOCUMENTS** support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, **ADDRESS**, and telephone number of the **PERSON** who has each **DOCUMENT**.

**10.0  Medical History**

[  ]  10.1  At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:

(a)  a description of the complaint or injury;
(b)  the dates it began and ended; and
(c)  the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** whom you consulted or who examined or treated you.

[  ]  10.2  List all physical, mental, and emotional disabilities you had immediately before the **INCIDENT**. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

[  ]  10.3  At any time after the **INCIDENT**, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a)  the date and the place it occurred;
(b)  the name, **ADDRESS**, and telephone number of any other **PERSON** involved;
(c)  the nature of any injuries you sustained;
(d)  the name, **ADDRESS**, and telephone number of each **HEALTH CARE PROVIDER** who you consulted or who examined or treated you; and
(e)  the nature of the treatment and its duration.

**11.0  Other Claims and Previous Claims**

[  ]  11.1  Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a)  the date, time, and place and location (closest street **ADDRESS** or intersection) of the **INCIDENT** giving rise to the action, claim, or demand;
(b)  the name, **ADDRESS**, and telephone number of each **PERSON** against whom the claim or demand was made or the action filed;

(c)  the court, names of the parties, and case number of any action filed;
(d)  the name, **ADDRESS**, and telephone number of any attorney representing you;
(e)  whether the claim or action has been resolved or is pending; and
(f)  a description of the injury.

[  ]  11.2  In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a)  the date, time, and place of the **INCIDENT** giving rise to the claim;
(b)  the name, **ADDRESS**, and telephone number of your employer at the time of the injury;
(c)  the name, **ADDRESS**, and telephone number of the workers' compensation insurer and the claim number;
(d)  the period of time during which you received workers' compensation benefits;
(e)  a description of the injury;
(f)  the name, **ADDRESS**, and telephone number of any **HEALTH CARE PROVIDER** who provided services; and
(g)  the case number at the Workers' Compensation Appeals Board.

**12.0  Investigation—General**

[X]  12.1  State the name, **ADDRESS**, and telephone number of each individual:
(a)  who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;
(b)  who made any statement at the scene of the INCIDENT;
(c)  who heard any statements made about the INCIDENT by any individual at the scene; and
(d)  who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

[X]  12.2  Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:

(a)  the name, **ADDRESS**, and telephone number of the individual interviewed;
(b)  the date of the interview; and
(c)  the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the interview.

[X]  12.3  Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:

(a)  the name, **ADDRESS**, and telephone number of the individual from whom the statement was obtained;
(b)  the name, **ADDRESS**, and telephone number of the individual who obtained the statement;
(c)  the date the statement was obtained; and
(d)  the name, **ADDRESS**, and telephone number of each **PERSON** who has the original statement or a copy.

DISC-001

[X] **12.4** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotapes.

[ ] **12.5** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310) concerning the **INCIDENT**? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

[X] **12.6** Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

[ ] **12.7** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310); and

(b) the date of the inspection.

**13.0 Investigation—Surveillance**

[ ] **13.1** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

**13.2** Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

[X] **14.1** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[X] **14.2** Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

[ ] **15.1** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT.**

**16.0 Defendant's Contentions—Personal Injury**

[ ] **16.1** Do you contend that any **PERSON,** other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON:**

(a) state the name, **ADDRESS,** and telephone number of the **PERSON;**

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

[ ] **16.2** Do you contend that plaintiff was not injured in the **INCIDENT**? If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**EXHIBIT 3**

DISC-001

16.3   Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:

(a) identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.4  Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:

(a) identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.5   Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.6  Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:

(a) identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.7   Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:

(a) identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.8  Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

16.9   Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

16.10  Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210–2034.310)? If so, for each plaintiff state:

(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 17.0 Responses to Request for Admissions

17.1  Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

18.0  [Reserved]

19.0  [Reserved]

## 20.0 How the Incident Occurred—Motor Vehicle

20.1  State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

20.2   For each vehicle involved in the INCIDENT, state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

(c) the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d) the name, **ADDRESS**, and telephone number of each registered owner;

(e) the name, **ADDRESS**, and telephone number of each lessee;

(f) the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g) the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐ 20.3 State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐ 20.4 Describe the route that you followed from the beginning of your trip to the location of the **INCIDENT**, and state the location of each stop, other than routine traffic stops, during the trip leading up to the **INCIDENT**.

☐ 20.5 State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the **INCIDENT** for the 500 feet of travel before the **INCIDENT**.

☐ 20.6 Did the **INCIDENT** occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐ 20.7 Was there a traffic signal facing you at the time of the **INCIDENT**? If so, state:
(a) your location when you first saw it;
(b) the color;
(c) the number of seconds it had been that color; and
(d) whether the color changed between the time you first saw it and the **INCIDENT**.

☐ 20.8 State how the **INCIDENT** occurred, giving the speed, direction, and location of each vehicle involved:
(a) just before the **INCIDENT**;
(b) at the time of the **INCIDENT**; and (c) just after the **INCIDENT**.

☐ 20.9 Do you have information that a malfunction or defect in a vehicle caused the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and
(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.10 Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the **INCIDENT**? If so:
(a) identify the vehicle;
(b) identify each malfunction or defect;
(c) state the name, **ADDRESS**, and telephone number of each **PERSON** who is a witness to or has information about each malfunction or defect; and

(d) state the name, **ADDRESS**, and telephone number of each **PERSON** who has custody of each defective part.

☐ 20.11 State the name, **ADDRESS**, and telephone number of each owner and each **PERSON** who has had possession since the **INCIDENT** of each vehicle involved in the **INCIDENT**.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☒ 50.1 For each agreement alleged in the pleadings:
(a) identify each **DOCUMENT** that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(b) state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to that provision, and the date that part of the agreement was made;
(c) identify all **DOCUMENTS** that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(d) identify all **DOCUMENTS** that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**;
(e) state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each **PERSON** agreeing to the modification, and the date the modification was made;
(f) identify all **DOCUMENTS** that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each **PERSON** who has the **DOCUMENT**.

☒ 50.2 Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☒ 50.3 Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☒ 50.4 Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☒ 50.5 Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☒ 50.6 Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

**EXHIBIT 3**

*LexisNexis® Automated California Judicial Council Forms*

# EXHIBIT 4

**James J. Orland, Esq.** (State Bar No.161937)
**ORLAND LAW GROUP**
1334 Parkview Avenue, Suite 100
Manhattan Beach, CA 90266
310/546-8139 - Telephone
310/546-8193 - Facsimile

**Attorneys for** Plaintiff COURTNEY BARNES

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| COURTNEY BARNES, | Case No. **SC121554** |
| Plaintiff, | **RESPONSE TO FORM INTERROGATORIES** |
| vs | |
| SONY MUSIC ENTERTAINMENT, INC.; RCA MUSIC GROUP; SARAH DENNISON, an individual; and DOES 1 through 100, inclusive, | |
| Defendants. | |

PROPOUNDING PARTIES:  Defendants SONY MUSIC ENTERTAINMENT, INC.; RCA MUSIC  GROUP; SARAH DENNISON

RESPONDING PARTY:     Plaintiff COURTNEY BARNES

SET NO.:             One

//

//

//

1

**EXHIBIT 4**

## PRELIMINARY STATEMENT

It should be noted that this responding party has not fully completed its investigation of the facts relating to this case, has not fully completed discovery in this action, and has not completed preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known to this responding party and discloses only those contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions, and legal responses herein set forth. The following responses are without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which this responding party may later recall or discover. Responding party accordingly reserves its right to change any and all responses herein as investigation is conducted, additional facts are ascertained, analysis is made, legal research is concluded and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information as is presently known but should in no way be to the prejudice of this responding party in relation to further discovery, research or analysis. These responses are made solely for the purpose of this action.

## RESPONSE TO FORM INTERROGATORY 1.1:

James J. Orland, Orland Law Group, 1334 Parkview Ave. Suite 100, Manhattan Beach, CA 90266, 310/546-8139, Attorney of Record.

## RESPONSE TO FORM INTERROGATORY 2.1:

(a)     Shannon Courtney Barnes

(b)     N/A

(c)     Since 12-27-68

**EXHIBIT 4**

**RESPONSE TO FORM INTERROGATORY 2.2:**

████████  in El Centro, CA.

**RESPONSE TO FORM INTERROGATORY 2.5:**

    (a)    7119 West Sunset Blvd. #437, Los Angeles, CA 90046

    (b)    7119 West Sunset Blvd. #437, Los Angeles, C\A 90046

    (c)    Since August 2009

**RESPONSE TO FORM INTERROGATORY 2.6:**

    (a)    Self employed, The Courtney Barnes Group, 5631 Hollywood Blvd., Suite A, Los Angeles, CA 90028

    (b)    I have been owner of the Courtney Barnes Group since July 1996.

**RESPONSE TO FORM INTERROGATORY 2.7:**

    (a)    Central Union H.S. El Centro CA.

    (b)    1983-1987

    (c)    12th Grade

    (d)    H. S. Diploma

    (a)    University of the Pacific, Stockton, CA

    (b)    1987-1991

    (c)    Graduated

    (d)    B.A. in Management

**RESPONSE TO FORM INTERROGATORY 2.8:**

    No.

**RESPONSE TO FORM INTERROGATORY 2.11**

    Yes

RESPONSE TO FORM INTERROGATORIES

**EXHIBIT 4**

(a)    Fantasia Barrino

(b)    Public Relations representative

## RESPONSE TO FORM INTERRAGATORY 6.1

Yes

## RESPONSE TO FORM INTERRAGATORY 6.2

Mental anguish, humiliation, emotional distress, professional embarrassment.

## RESPONSE TO FORM INTERRAGATORY 6.3

Yes

(a)    Mental anguish, humiliation, emotional distress, professional embarrassment.

(b)    Becoming worse.

(c)    Daily, from Feb 2103 to present.

## RESPONSE TO FORM INTERRAGATORY 6.4

No.

## RESPONSE TO FORM INTERRAGATORY 6.5

(a)    Tylenol, extra strength and generic over the counter pain medication for headaches and muscle relaxants.

(b)    N/A

(c)    Beginning February 2013

(d)    I continue to take the medication

(e)    Unknown at this time; discovery is continuing.

## RESPONSE TO FORM INTERRAGATORY 6.6

No.

**EXHIBIT 4**

**RESPONSE TO FORM INTERRAGATORY 6.7**

No.

**RESPONSE TO FORM INTERROGATORY 8.1:**

Yes.


**RESPONSE TO FORM INTERROGATORY 8.2**

(a)     Public Relations

(b)     Publicist

(c)     February 6, 2013 with respect to Fantasia, December 2011 with respect to
Brandy Norwood.


**RESPONSE TO FORM INTERROGATORY 8.3**

February 11, 2013 with respect to representing Fantasia.  In addition, December 2011
with respect to Brandy Norwood.


**RESPONSE TO FORM INTERROGATORY 8.4**

It was supposed to be $1,500.00 per month plus expenses, per my agreement with
Fantasia.  It was $3,500 with respect to Brandy.


**RESPONSE TO FORM INTERROGATORY 8.5**

I never again performed any work for Fantasia and was not hired by Brandy due to
Sarah Dennison.


**RESPONSE TO FORM INTERROGATORY 8.6:**

Since February 2013 to the present for Fantasia Barrino and from December 2011 for
Brandy Norwood.

**EXHIBIT 4**

**RESPONSE TO FORM INTERROGATORY 8.7**

For Fantasia, approximately $18,000.00 to the present with additional losses each month in the amount of $1,500.00; For Brandy, approximately $87,500 plus additional losses of $3,500 per month into the future.

**RESPONSE TO FORM INTERROGATORY 8.8**  Yes.

(a)     Due to defendant's actions, I no longer perform services for Fantasia and as a result of Defendant's actions, I have lost other jobs.  I also was not retained by Brandy due to the insistence of Defendant Dennison.

(b)     Approximately $105,500 for both Brandy and Fantasia to date plus $5,300 per month for future losses.

(c)     I have lost jobs for Fantasia and other artists, including Brandy Norwood due to Defendants' actions.

(d)     Monthly fees for Fantasia and other artists, including Brandy Norwood which total approximately 5,300.00 per month.

**RESPONSE TO FORM INTERROGATORY 9.1:**

Objection. Calls for information protected by CCP 2034. Attorney/client and attorney work product privileges.  Without a waiver of said objections, responding party responds as follow: Yes

(a)     Damage to my professional reputation due to Defendant's actions.

(b)     From February 2013 to the present.

(c)     Estimate to be in excess of $100,000.  Discovery is continuing.

(d)     N/A

RESPONSE TO FORM INTERROGATORIES

**EXHIBIT 4**

**RESPONSE TO FORM INTERROGATORY 9.2:**

Objection calls for information protected by CCP 2034, attorney client and attorney work product privileges. Without a waiver of said objections, responding party responds as follows: Not at this time. Discovery is continuing.

**RESPONSE TO FORM INTERROGATORY 12.1:**

(a)     Ryan Ramsey, Fantasia Barrino, Brian Dickens, 16605 Pleasant Colony Drive, Upper Marlboro, Maryland 20774; 202-905-4994; Amanda Carnivali with Larkin Business Management, 13701 Riverside Drive, 8th Floor, Sherman Oaks, CA 91423; 818-981-3505; Nisa Ahmad, 310-210-7850

(b)     Ryan Ramsey, Fantasia Barrino, Brian Dickens, 16605 Pleasant Colony Drive, Upper Marlboro, Maryland 20774; 202-905-4994; Amanda Carnivali with Larkin Business Management, 13701 Riverside Drive, 8th Floor, Sherman Oaks, CA 91423; 818-981-3505; Nisa Ahmad, 310-210-7850

(c)     Ryan Ramsey, Fantasia Barrino, Brian Dickens, 16605 Pleasant Colony Drive, Upper Marlboro, Maryland 20774; 202-905-4994; Amanda Carnivali with Larkin Business Management, 13701 Riverside Drive, 8th Floor, Sherman Oaks, CA 91423; 818-981-3505; Nisa Ahmad, 310-210-7850

(d)     Ryan Ramsey, Fantasia Barrino, Brian Dickens, 16605 Pleasant Colony Drive, Upper Marlboro, Maryland 20774; 202-905-4994; Amanda Carnivali with Larkin Business Management, 13701 Riverside Drive, 8th Floor, Sherman Oaks, CA 91423; 818-981-3505; Nisa Ahmad, 310-210-7850;

**RESPONSE TO FORM INTERROGATORY 12.2:**

No.

**RESPONSE TO FORM INTERROGATORY 12.3:**

No.

**EXHIBIT 4**

**RESPONSE TO FORM INTERROGATORY 12.4:**

No.


**RESPONSE TO FORM INTERROGATORY 12.6:**

No.


**RESPONSE TO FORM INTERROGATORY 14.1:**

No.


**RESPONSE TO FORM INTERROGATORY 14.2:**

No.


**RESPONSE TO FORM INTERROGATORY 17.1:**

(a)     1.

(b)     Plaintiff was in fact hired by Artists and the management team.  In fact, Brian Dickens sent an email confirming Plaintiff was in fact hired as a publicist at $1,500 per month. Also, Brandy's management team was going to hire Plaintiff until Defendant Dennison insisted that he not be hired.

(c)     Ryan Ramsey, Fantasia Barrino, Brian Dickens, Nisa Ahmad and Amanda Carnivali with Larkin Business Management,

(d)     Email from Brian Dickens to Plaintiff dated February 6, 2013.


(a)     2.

(b)     Defendants are the sole reason why Plaintiff was fired by Artist.  There was no other reason why Plaintiff was or would have been fired, but for the insistence by Sarah Dennison.

(c)     Ryan Ramsey, Brian Dickens, Nisa Ahmad and Amanda Carnivali, Fantasia Barrino

8

**RESPONSE TO FORM INTERROGATORIES**

34                                   **EXHIBIT 4**

(d)     Emails between Dickens, Ahmad and Barnes in February 2013.

(a)     3

(b)     Plaintiff did suffer damages including damage to his reputation, relationships
with clients along with depression, anxiety, nervousness, stress and mental anguish.

(c)     Unknown at this time, discovery is continuing.

(d)     There are no documents at the present.  Discovery is continuing.

(a)     4.

(b)     I lost income of $18,000.00 per my agreement with Fantasia from February 2013
to the present along with losing income of $3,500 a month with Brandy from December 2011
to the present.

(c)     Ryan Ramsey, Brian Dickens, Nisa Ahmad, Amanda Carnivali and Fantasia
Barrino.

(d)     February 6, 2013 email from Brian Dickens

(a)     5.

(b)     But for Defendants actions I would be working for both Fantasia and Brandy.
I was told by Ryan Ramsey that Sarah Dennison instructed him not to hire Plaintiff in
December 2011.  Also, Brian Dickens told Plaintiff that Sarah Dennison forced him to fire
Plaintiff in February 2013.

(c)     Ryan Ramsey, Brian Dickens, Nisa Ahmad, Amanda Carnivali and Fantasia
Barrino.

(d)     Email correspondence in February 2013.

**RESPONSE TO FORM INTERROGATORY 50.1:**

(a)     Agreement for services, Brian Dickens and Amanda at Larkin Business
Management.

RESPONSE TO FORM INTERROGATORIES

**EXHIBIT 4**

(b)     Email from Brian Dickens and conversations with Brian Dickens; Conversations with Ryan Ramsey.

(c)     Email form Brian Dickens

(d)     N/A

(e)     N/A

(f)     N/A

## RESPONSE TO FORM INTERROGATORY 50.2:

Yes. Defendants interfered with Plaintiffs employment on or about February 2013. In addition, Defendant interfered with Plaintiff's employment with Brandy in December 2011.

## RESPONSE TO FORM INTERROGATORY 50.3

No.

## RESPONSE TO FORM INTERROGATORY 50.4:

No.

## RESPONSE TO FORM INTERROGATORY 50.5:

No.

## RESPONSE TO FORM INTERROGATORY 50.

No.

Dated: January 30, 2014                          ORLAND LAW GROUP

                                        By: _____
                                             James J. Orland
                                             Attorney for Plaintiff COURTNEY BARNES

                                                    10

**EXHIBIT 4**

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing <u>Response to Form Interrogatories, Set One</u>

and know its contents.

☐ CHECK APPLICABLE PARAGRAPHS

[x]   I am a party to this action.   The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐  The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am one of the attorneys for _____

a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ____Janyary 28th____ , at ____Manhattan Beach, CA____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Courtney Barnes
_____                                    _____
Type or Print Name                                                         Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL

☐ *I deposited such envelope in the mail at _____ , California.

The envelope was mailed with postage thereon fully prepaid.

☐ As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                                    _____
Type or Print Name                                                         Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions™
Plus                                    Rev. 7/99

**EXHIBIT 4**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1334 Parkview Avenue, Suite 100, Manhattan Beach, CA 90266.

On the date set forth below, I served the foregoing documents described as **RESPONSE TO FORM INTERROGATORIES** on all interested parties in said action:

[ X ]   By U. S. MAIL:     The documents were placed in sealed, addressed envelopes on the above date and placed for collection and mailing at my place of business.  I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal service on that same day with postage thereon fully prepared at Manhattan Beach, CA in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Peter J. Anderson
**LAW OFFICES OF PETER J. ANDERSON**
**100 Wilshire Boulevard, Suite 2010**
**Santa Monica, CA 90401**
**310/260-6030; FAX 310/260-6040**
**Attorney for SONY MUSIC ENTERTAINMENT and SARAH DENNISON**

[X]     STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 30, 2014, at Manhattan Beach, California.


ANDREA MOYA

**RESPONSE TO FORM INTERROGATORIES**

**EXHIBIT 4**

# EXHIBIT 5

CASE NO. _____ *SC121554* _____

## NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT

TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:

IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED that this action shall be assigned to a Judge for all purposes, including trial, as follows:

_____ Richard A. Stone _____    Department: _____

☐    Santa Monica Courthouse
     1725 Main Street
     Santa Monica, CA 90401

IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

CASE MANAGEMENT REVIEW AND CONFERENCE: Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned. **The hearing date will be stamped upon the face of the Complaint. Plaintiff shall give separate notice of the Case Management Review and Conference to all named parties** in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. **Proof of service must be brought to the hearing if not previously filed.** Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110(b)) may result in an Order to Show Cause re sanctions being issued. (CRC 3.110(f).)

If a case is assigned to Department X, located in the Beverly Hills Courthouse, all documents, pleadings, motions, and papers filed subsequent to the original Complaint shall be filed directly in the courtroom stamped upon the Complaint.

-1-

**39**

**EXHIBIT 5**

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case.  In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)     Whether there are any related cases (see CRC 3.300);

(2)     Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)     Whether any additional parties may be added or the pleadings may be amended;

(4)     Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)     Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)     Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)     Whether an early settlement conference should be scheduled and, if so, on what date;

(8)     Whether discovery has been completed and, if not, the date by which it will be completed;

(9)     What discovery issues are anticipated;

(10)    Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)    Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)    Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)    Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

**EXHIBIT 5**

# EXHIBIT 6

1   Peter J. Anderson, Esq., Cal. Bar No. 88891
    E-Mail: pja@pjanderson.com
2   LAW OFFICES OF PETER J. ANDERSON
    A PROFESSIONAL CORPORATION
3   100 Wilshire Boulevard
    Suite 2010
4   Santa Monica, CA 90401

5   Tel: (310) 260-6030
    Fax: (310) 260-6040
6
    Attorney for Defendants
7   SONY MUSIC ENTERTAINMENT and
    SARAH WEINSTEIN DENNISON

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 23 2014

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
A. Williams

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                COUNTY OF LOS ANGELES – WEST DISTRICT

11   COURTNEY BARNES,                    )   Case No. SC 121 554
                                         )
12          Plaintiff,                   )
                                         )   ANSWER TO COMPLAINT
13      vs.                              )
                                         )
14   SONY MUSIC ENTERTAINMENT, INC.;     )
     RCA MUSIC GROUP; SARAH DENNISON, an )
15   individual; and DOES 1 through 100, inclusive, )
                                         )
16          Defendants.                  )
                                         )
17   _____)

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 6**

Defendants Sony Music Entertainment ("Sony Music"), also sued as RCA Music Group, which is an unincorporated division of Sony Music, and Sarah Weinstein Dennison, sued as Sarah Dennison (collectively, "Defendants"), answer plaintiff Courtney Barnes' Complaint as follows:

1.      Pursuant to the provisions of Code of Civil Procedure Section 431.30(d), Defendants deny generally each and every allegation of plaintiff's unverified Complaint, and specifically deny that plaintiff has suffered any damages as a result of any acts, omissions or conduct of, or otherwise chargeable to, Defendants, or either of them.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

2.      Plaintiff's Complaint fails to set forth facts sufficient to constitute a cause of action against Defendants, or either of them.

## SECOND AFFIRMATIVE DEFENSE

### (Privilege, As to Each Cause of Action)

3.      Without admitting the alleged conduct, which is denied, the alleged conduct was privileged.

## THIRD AFFIRMATIVE DEFENSE

### (Justification, As to Each Cause of Action)

4.      Without admitting the alleged conduct, which is denied, the alleged conduct was justified.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

5.      Without admitting that plaintiff has suffered any damages as a result of any acts or omissions of Defendants, or either of them, which is denied, plaintiff has failed to take reasonable steps to mitigate the alleged damages.

///

///

///

**42**

**EXHIBIT 6**

### FIFTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Unconstitutional,

#### As to Each Cause of Action)

6.     Plaintiff's allegations and claims for punitive damages violate the protections afforded by the due process clauses of the United States and California Constitutions.

There may be facts presently unknown to Defendants and which establish additional affirmative defenses.   Defendants reserve the right to amend this Answer and assert additional affirmative defenses that discovery or Defendants' investigation reveals are available to Defendants, or either of them.

### PRAYER

**WHEREFORE,** defendants Sony Music Entertainment and Sarah Weinstein Dennison pray for Judgment as follows:

1.     That plaintiff take nothing by way of his Complaint;

2.     That defendants recover their costs and, to the extent allowed by law, their attorney's fees, against plaintiff; and

3.     For such other and further relief as the Court deems just.

Dated: January 23, 2014

LAW OFFICES OF PETER J. ANDERSON
A PROFESSIONAL CORPORATION

By _____

Peter J. Anderson, Esq.
Attorney for Defendants
SONY MUSIC ENTERTAINMENT
and SARAH WEINSTEIN DENNISON

**EXHIBIT 6**

43 2

ANSWER TO COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California and my business address is 100 Wilshire Boulevard, Suite 2010, Santa Monica, CA 90401. I am over the age of 18 and not a party to this action.

On January 23, 2014, I served the foregoing document described as **ANSWER TO COMPLAINT**, on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at Santa Monica, California, addressed as follows:

James J. Orland, Esq.
Orland Law Group
1334 Parkview Avenue
Suite 100
Manhattan Beach, CA 90266

[X]    I caused such envelope with postage thereon fully prepaid to be placed in the United States mail. I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Correspondence for mailing is deposited with the United States Postal Service on that same day in the ordinary course of business. The foregoing document was sealed and placed for collection and mailing on the foregoing date, following the firm's ordinary practices. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

[ ]    I hand delivered such document to the offices of the addressee.

[ ]    I placed such envelope in a box or other facility regularly maintained by Federal Express, in an envelope or package designated and provided by Federal Express, with delivery fees paid or provided for, addressed to the above-indicated addressees.

[ ]    I caused a copy of the foregoing document to be faxed to the addressee.

Executed on January 23, 2014 at Santa Monica, California. I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**EXHIBIT 6**

**44** 3

# EXHIBIT 7

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| James J. Orland, Esq.<br>ORLAND LAW GROUP<br>1334 Parkview Avenue, Suite 100<br><br>Manhattan Beach, CA 90266<br>  TELEPHONE NO. 310/546-8139     FAX NO. *(Optional)*   310/546-8193<br>E-MAIL ADDRESS *(Optional)*:<br>  ATTORNEY FOR *(Name)*:   COURTNEY BARNES | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
  STREET ADDRESS: 1725 Main Street
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Monica, CA 90401
  BRANCH NAME: WEST DISTRICT

PLAINTIFF/PETITIONER: COURTNEY BARNES

DEFENDANT/RESPONDENT: SONY MUSIC ENTERTAINMENT, INC.; RCA MUSIC GROUP; SARAH DENNISON

| CASE MANAGEMENT STATEMENT | CASE NUMBER |
|---|---|
| *(Check one):*  [ x ]  **UNLIMITED CASE**        [ ] **LIMITED CASE**<br>                    (Amount demanded                (Amount demanded is $25,000<br>                    exceeds $25,000)                 or less) | SC121554 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 10, 2014        Time: 8:30 a.m.        Dept.: M        Div.:        Room:
Address of court *(if different from the address above)*:


[ x ]  Notice of Intent to Appear by Telephone,  by *(name)*: James J. Orland, Esq.

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1.  **Party or parties** *(answer one)*:
    a.  [ x ]  This statement is submitted by party *(name)*: PLAINTIFF
    b.  [ ]  This statement is submitted **jointly** by parties *(names)*:


2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date)*:  10/24/13
    b.  [ ]  The cross-complaint, if any, was filed on *(date)*:

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  [ X ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
    b.  [ ]  The following parties named in the complaint or cross-complaint
        (1)  [ ]  have not been served *(specify names and explain why not)*:
        (2)  [ ]  have been served but have not appeared and have not been dismissed *(specify names)*:
        (3)  [ ]  have had a default entered against them *(specify names)*:

    c.  [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:


4.  **Description of case**
    a.  Type of case in  [ X ]  complaint        [ ] cross-complaint        *(Describe, including causes of action)*:
        COMPLAINT FOR:
        1) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;
        2) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
**45**
Legal Solutions Plus
**EXHIBIT 7**
Cal. Rules of Court<br>Rules 3.720-3.730

CM-110

| PLAINTIFF/PETITIONER: COURTNEY BARNES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SONY MUSIC ENTERTAINMENT, INC.; RCA MUSIC GROUP; SARAH DENNISON | SC121554 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was a publicist for an artist in the music industry. I was fired from this position due to the influence of defendants.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):* 3/18/14 FSC; 3/25/14 TRIAL; 4/14/14 FSC; 4/24/14 TRIAL; 4/16/14 FSC; 4/22/14 TRIAL; 4/28/14 FSC; 5/5/14 TRIAL; 9/2/14 FSC; 10/6/14 TRIAL; 11/3/14 TRIAL

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one)*
   a. ☒ days *(specify number):* 3
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:                          f. Fax number:
   e. E-mail address:                            g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☒ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

**EXHIBIT 7**

CM-110 [Rev. July 1, 2011]

CM-110

| PLAINTIFF/PETITIONER: COURTNEY BARNES | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: SONY MUSIC ENTERTAINMENT, INC.; RCA MUSIC GROUP: SARAH DENNISON | SC121554 |

10.   c.   Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | X | [X] Mediation session not yet scheduled<br>[ ] Mediation session scheduled for (date):<br>[ ] Agreed to complete mediation by (date):<br>[ ] Mediation completed on (date): |
| (2) Settlement conference | — | [ ] Settlement conference not yet scheduled<br>[ ] Settlement conference scheduled for (date):<br>[ ] Agreed to complete settlement conference by (date):<br>[ ] Settlement conference completed on (date): |
| (3) Neutral evaluation | — | [ ] Neutral evaluation not yet scheduled<br>[ ] Neutral evaluation scheduled for (date):<br>[ ] Agreed to complete neutral evaluation by (date):<br>[ ] Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | — | [ ] Judicial arbitration not yet scheduled<br>[ ] Judicial arbitration scheduled for (date):<br>[ ] Agreed to complete judicial arbitration by (date):<br>[ ] Judicial arbitration completed on (date): |
| (5) Binding private arbitration | — | [ ] Private arbitration not yet scheduled<br>[ ] Private arbitration scheduled for (date):<br>[ ] Agreed to complete private arbitration by (date):<br>[ ] Private arbitration completed on (date): |
| (6) Other (specify): | [ ] | [ ] ADR session not yet scheduled<br>[ ] ADR session scheduled for (date):<br>[ ] Agreed to complete ADR session by (date):<br>[ ] ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

**47**

**EXHIBIT 7**

CM-110

| PLAINTIFF/PETITIONER: COURTNEY BARNES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SONY MUSIC ENTERTAINMENT, INC.; RCA MUSIC GROUP; SARAH DENNISON | SC121554 |

**11. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

    ☐ Bankruptcy ☐ Other *(specify)*:

Status:

**13. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

    ☐ Additional cases are described in Attachment 13a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**14. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**15. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**16. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | February 2014 |
| Plaintiff | Depositions | May 2014 |

    c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify)*:

**CASE MANAGEMENT STATEMENT**

**EXHIBIT 7**

CM-110

| PLAINTIFF/PETITIONER: COURTNEY BARNES | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: SONY MUSIC ENTERTAINMENT, INC., RCA MUSIC GROUP; SARAH DENNISON | SC121554 |

17. **Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):

18. **Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference (specify):

19. **Meet and confer**

   a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (if not, explain):

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (specify):

20. Total number of pages attached (if any): _____

  am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: January 21 2014

JAMES J. ORLAND, ESQ.
       (TYPE OR PRINT NAME)

► _____
       (SIGNATURE OF PARTY OR ATTORNEY)

_____
       (TYPE OR PRINT NAME)

► _____
       (SIGNATURE OF PARTY OR ATTORNEY)

   ☐ Additional signatures are attached.

**EXHIBIT 7**

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1334 Parkview Avenue, Suite 100, Manhattan Beach, CA 90266.

On the date set forth below, I served the foregoing documents described as **CASE MANAGEMENT STATEMENT** on all interested parties in said action:

[ X ]   By U. S. MAIL:     The documents were placed in sealed, addressed envelopes on the above date and placed for collection and mailing at my place of business. I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal service on that same day with postage thereon fully prepared at Manhattan Beach, CA in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Peter J. Anderson
**LAW OFFICES OF PETER J. ANDERSON**
**100 Wilshire Boulevard, Suite 2010**
**Santa Monica, CA 90401**
**310/260-6030; FAX 310/260-6040**
**Attorney for SONY MUSIC ENTERTAINMENT and SARAH DENNISON**

[X]     STATE - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 30, 2014, at Manhattan Beach, California.

ANDREA MOYA

**EXHIBIT 7**

# EXHIBIT 8

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Peter J. Anderson, Esq., Cal. Bar No. 88891<br>LAW OFFICES OF PETER J. ANDERSON, A P.C.<br>100 Wilshire Boulevard, Suite 2010<br>Santa Monica, CA 90401<br>TELEPHONE NO. (310) 260-6030    FAX NO. *(Optional)* (310) 260-6040<br>E-MAIL ADDRESS *(Optional):* pja@pjanderson.com<br>ATTORNEY FOR *(Name):* Defendants SONY MUSIC ENTM'T and SARAH WEINSTEIN DENNISON | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES

STREET ADDRESS: 1725 Main Street

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Monica, CA 90401

BRANCH NAME: West District - Santa Monica Courthouse

PLAINTIFF/PETITIONER: COURTNEY BARNES

DEFENDANT/RESPONDENT: SONY MUSIC ENTERTAINMENT et al.

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| *(Check one):*  [X] UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | [ ] LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | SC 121 554 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: February 10, 2014    Time: 8:30 a.m.    Dept.: M    Div.:    Room:

Address of court *(if different from the address above):*

[ ]  Notice of Intent to Appear by Telephone, by *(name):*

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X]  This statement is submitted by party *(name):* defendants SONY MUSIC ENTERTAINMENT and SARAH WEINSTEIN DENNISON
   b. [ ]  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date):*
   b. [ ]  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ]  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ]  The following parties named in the complaint or cross-complaint
      (1) [ ]  have not been served *(specify names and explain why not):*
      (2) [ ]  have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ]  have had a default entered against them *(specify names):*
   c. [ ]  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.  Type of case in  [X]  complaint  [ ]  cross-complaint  *(Describe, including causes of action):*
      Plaintiff alleges causes of action for intentional interference with contractual relationship and with prospective economic relations.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

LexisNexis® Automated California Judicial Council Forms

**EXHIBIT 8**

CM-110

| PLAINTIFF/PETITIONER: COURTNEY BARNES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SONY MUSIC ENTERTAINMENT et al. | SC 121 554 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff alleges he was hired as a publicist for an unnamed recording artist and that defendants caused the recording artist or the recording artist's representatives to not use plaintiff. Plantiff's allegations are baseless and he does not allege damages in any amount.

[ ] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request [ X ] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. [ ] The trial has been set for *(date):*
b. [ X ] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. [ X ] days *(specify number):* Five days.
b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial [ X ] by the attorney or party listed in the caption [ ] by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
[ ] Additional representation is described in Attachment 8.
f. Fax number:
g. Party represented:

9. **Preference**
[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel [ X ] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

(1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) [ X ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Rule of Court 3.811(b)(8): multiple causes of action and amount in controversy exceeds $50,000.

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT 8**

CM-110

| PLAINTIFF/PETITIONER: COURTNEY BARNES | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: SONY MUSIC ENTERTAINMENT et al. | SC 121 554 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date). |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

LexisNexis® Automated California Judicial Council Forms

**EXHIBIT 8**

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: COURTNEY BARNES | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: SONY MUSIC ENTERTAINMENT et al. | SC 121 554 | |

## 11. Insurance

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

## 12. Jurisdiction

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

## 13. Related cases, consolidation, and coordination

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

## 14. Bifurcation

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

## 15. Other motions

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Defendants anticipate filing a motion for summary judgment or, in the alternative, summary adjudication of issues.

## 16. Discovery

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Sony Music Entertainment | Interrogatories, Demand for Inspection and Request for Admission Responses due January 30, 2014 | |
| Sony Music Entertainment | Deposition of plaintiff | February 2014 |
| Sony Music Entertainment | Depositions of witnesses identified by plaintiff | March-June 2014 |
| Sony Music Entertainment | Follow-up depositions and written discovery | July-September 2014 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

**EXHIBIT 8**

| | CM-110 |
|---|---|
| PLAINTIFF/PETITIONER: COURTNEY BARNES | CASE NUMBER |
| DEFENDANT/RESPONDENT: SONY MUSIC ENTERTAINMENT et al. | SC 121 554 |

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* None

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:          January 31, 2014

Peter J. Anderson
     (TYPE OR PRINT NAME)

▶ _____
     (SIGNATURE OF PARTY OR ATTORNEY)

_____
     (TYPE OR PRINT NAME)

▶ _____
     (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**

*LexisNexis® Automated California Judicial Council Forms*

**55**

**EXHIBIT 8**

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

I am employed in the County of Los Angeles, State of California and my business address is

4

100 Wilshire Boulevard, Suite 2010, Santa Monica, CA 90401. I am over the age of 18 and not a party to this action.

5

On January 31, 2014, I served the foregoing document described as **CASE MANAGEMENT**

6

**STATEMENT**, on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope at Santa Monica, California, addressed as follows:

7

James J. Orland, Esq.

8

Orland Law Group
1334 Parkview Avenue

9

Suite 100
Manhattan Beach, CA 90266

10

11 [X]

I caused such envelope with postage thereon fully prepaid to be placed in the United

12

States mail. I am "readily familiar" with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Correspondence for

13

mailing is deposited with the United States Postal Service on that same day in the ordinary course of business. The foregoing document was sealed and placed for collection and mailing

14

on the foregoing date, following the firm's ordinary practices. I am aware that on motion of any party served, service is presumed invalid if the postal cancellation date or postage meter

15

date is more than one day after the date of deposit for mailing in the affidavit.

16 [ ]

I hand delivered such document to the offices of the addressee.

17

18 [ ]

I placed such envelope in a box or other facility regularly maintained by Federal Express, in an envelope or package designated and provided by Federal Express, with delivery fees

19

paid or provided for, addressed to the above-indicated addressees.

20 [ ]

I caused a copy of the foregoing document to be faxed to the addressee.

21

Executed on January 31, 2014 at Santa Monica, California. I declare under penalty of perjury

22

under the laws of the State of California that the above is true and correct.

23

24

Jonathan Hasenauer

25

26

27

28

**EXHIBIT 8**

# EXHIBIT 9

1  Peter J. Anderson, Esq., Cal. Bar No. 88891
   E-Mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A PROFESSIONAL CORPORATION
3  100 Wilshire Boulevard
   Suite 2010
4  Santa Monica, CA 90401

5  Tel: (310) 260-6030
   Fax: (310) 260-6040
6

7  Attorney for Defendants
   SONY MUSIC ENTERTAINMENT and
   SARAH WEINSTEIN DENNISON
8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **COUNTY OF LOS ANGELES – WEST DISTRICT**

11  COURTNEY BARNES,                          )   Case No. SC 121 554
                                              )
12          Plaintiff,                        )
                                              )   NOTICE OF REMOVAL TO FEDERAL
13      vs.                                   )   COURT
                                              )
14  SONY MUSIC ENTERTAINMENT, INC.;           )
    RCA MUSIC GROUP; SARAH DENNISON, an       )
15  individual; and DOES 1 through 100, inclusive, )
                                              )
16          Defendants.                       )
                                              )
17  _____)

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL TO FEDERAL COURT            **EXHIBIT 9**

1   **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND**

2   **THEIR COUNSEL OF RECORD:**

3       **PLEASE TAKE NOTICE** that a Notice of Removal of this action has been filed in the

4   United States District Court for the Central District of California, by defendants Sony Music

5   Entertainment, sued erroneously as Sony Music Entertainment, Inc., and as RCA Music Group, and

6   Sarah Weinstein Dennison, sued erroneously as Sarah Dennison.  A copy of their Notice of Removal

7   is attached thereto as Exhibit A.

8   Dated: February 7, 2014

               LAW OFFICES OF PETER J. ANDERSON
                   A PROFESSIONAL CORPORATION

9

10                 By _____

11                   Peter J. Anderson, Esq.
                  Attorney for Defendants

12               SONY MUSIC ENTERTAINMENT
            and SARAH WEINSTEIN DENNISON

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
NOTICE OF REMOVAL TO FEDERAL COURT

**EXHIBIT 9**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

COURTNEY BARNES

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

SONY MUSIC ENTERTAINMENT and SARAH WEINSTEIN DENNISON

**(b) County of Residence of First Listed Plaintiff**  Los Angeles County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**County of Residence of First Listed Defendant**  New York
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c) Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

James J. Orland, Esq., Orland Law Group
1334 Parkview Avenue, Suite 100, Manhattan Beach, CA 90266
Tel: (310) 546-8139

**Attorneys** *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

Peter J. Anderson, Esq., Cal. Bar No. 88891. Law Offices of Peter J. Anderson, A P.C.
100 Wilshire Boulevard, Suite 2010, Santa Monica, CA 90401
Tel: (310) 260-6030

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. sections 1332 and 1446. Plaintiff's Complaint asserts claims for intentional interference with contract and advantageous relations.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☒ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:**     Case Number:     CV14-0965

CV-71 (11/13)     CIVIL COVER SHEET     Page 1 of 3

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [X] Yes  [ ] No | [X] Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [ ] Yes  [ ] No | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true? If so, check the one that applies: | C.2. Is either of the following true? If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D,  below. |
| If none applies, answer question C2 to the right. ➡ | If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western |

CIVIL COVER SHEET

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s):

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):**   DATE: February 7, 2014

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |