**James J. Orland, Esq.** (State Bar No.161937)
**ORLAND LAW GROUP**
1334 Parkview Avenue, Suite 100
Manhattan Beach, CA 90266
310/546-8139 - Telephone
310/546-8193 - Facsimile

Attorneys for Plaintiff COURTNEY BARNES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COURTNEY BARNES,<br><br>Plaintiff,<br><br>vs<br><br>SONY MUSIC ENTERTAINMENT, INC.; RCA MUSIC GROUP; SARAH DENNISON, an individual; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.CV 14-00965 DDP(JCGx)<br>Assigned to Honorable Dean D. Pregerson<br><br>**NOTICE OF MOTION AND MOTION TO RECOGNIZE PLAINTIFF'S TIMELY JURY DEMAND AND ALTERNATIVELY TO ALLOW PLAINTIFF'S SUPPLEMENTAL JURY DEMAND; DECLARATION OF ANDREA MOYA IN SUPPORT THEREOF; MEMORANDUM; [PROPOSED] ORDERS**<br>[Fed. R. Civ. P. 38; 39(b); 6(b)]<br><br>Date: January 26, 2015<br>Time: 10:00 a.m.<br>Ctrm: 3<br><br>Complaint Filed: 10/24/13 |

TO THE HONORABLE COURT AND TO DEFENDANTS SONY MUSIC ENTERTAINMENT, INC., RCA MUSIC GROUP, SARAH DENNISON AND TO THEIR COUNSELS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff, Courtney Barnes hereby moves this Court for an order recognizing the adequacy of Plaintiff's request for jury trial, or in the alternative, excusing Plaintiff's non-compliance with Federal Rules of Civil Procedure, Rule 38 and permitting a jury trial in this matter.

This motion is made and based on this Notice of Motion, the Memorandum of Points and Authorities, the Declaration of Andrea Moya., the Declaration of James Orland, Esq. and Certification of Compliance with Local Civil Rule 7-3, the pleadings and records on file with this court, any evidence of which the Court may take judicial notice prior to or at the hearing of this motion, Federal Rules of Civil Procedure 38, 39(b), and 6(b) as well as Local Rule 7. This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on December 16, 2014.

Dated: December 17, 2014                ORLAND LAW GROUP

                                        By:_____
                                        James J. Orland
                                        Attorney for Plaintiff COURTNEY
                                        BARNES

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

By this Motion, Plaintiff Courtney Barnes seeks an order, pursuant to Federal Rules of Civil Procedure, Rule 38, recognizing that Plaintiff filed an adequate demand for trial by jury. Alternatively, Plaintiff Courtney Barnes seeks an order, pursuant to Federal Rules of Civil Procedure, Rule 39(b), excusing Plaintiff from non-compliance with Federal Rules of Civil Procedure, Rule 38 and permitting a jury trial in this matter, or an order, pursuant to Federal Rules of Civil Procedure, Rule 6(b) enlarging the time in which to serve the jury demand.

## II. ARGUMENT

### A. Plaintiff's Jury Demand was Timely and Adequate

Federal Rule of Civil Procedure Rule 38(b) provides: "Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue..." Rule 38(d) states: "The failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." The Ninth Circuit Court of Appeals has recognized the importance of the Seventh Amendment right to a jury trial and in so doing has adopted a flexible rather than formalistic approach to determining the adequacy of a jury demand under Rule

3
****
BARNES v. SONY, et al   Case No: CV 14-00965 DDP (JCGx)

38(b). *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1064 (9th Cir. 2005) ("*Lutz*") (quoting *Aetna Ins. Co. v. Kennedy ex rel. Bogash*, 301 U.S. 389,393; accord *Cal. Scents v. Surco Prods., Inc.*, 406 F.3d 1102, 1108 (9th Cir. 2005).

The Ninth Circuit has previously held that "checking the jury demand box on the civil cover sheet is insufficient to meet the requirements of rule 38(b)." *Wall v. National R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir. 1983)("*Wall*"). "However, it is clear from the [C]ourt's rationale in *Wall* that it rejected 'checking the jury demand box' as a proper demand under Rule 38(b) not because the civil cover sheet was an unacceptable type of document, but rather because it was not served on the other party: 'The civil docket sheet is an administrative document designed to facilitate the court's proper management of a trial and is not served on the opposing party. Thus it cannot substitute for proper service under rule 38(b)." *Baldwin v. U.S.*, 823 F.Supp.2d 1087, 1107 (2011) ("*Baldwin*") (quoting *Wall*). *Baldwin* found that the focus in *Wall* was not on the form of the demand, but rather proper service of the demand. *Id.* In *Baldwin*, the court, based on the FCRP taken together with Ninth Circuit precedent, found that a jury demand is likely adequate when it is "1) written … and sufficiently clear to alert a careful reader that a jury trial is requested on an issue (citation and internal quotation marks omitted), 2) timely and properly serviced,…and 3) filed with the court within a reasonable time after service." *Id.* at 1106.

In the instant case, as the Declaration of Andrea Moya sets out, the demand was in writing on the civil docket cover sheet. A careful reader would clearly be alerted to the demand for jury trial. Though it may not be the standard practice of the legal profession to serve the civil docket cover sheet upon the opposing party, it is in fact her standard practice to do so and she did so in this instance. Ms. Moya's declaration also establishes that the service was timely and properly executed and that the civil docket cover sheet containing the jury demand was also filed with the court within 26 days of service, which is clearly within a reasonable time.

**B. Alternatively, the Court has Discretion to Grant Plaintiff Relief from Waiver of Jury Trial**

If the Court finds that Plaintiff's jury demand was untimely, then Plaintiff respectfully requests that the Court exercise its discretion and order a jury trial pursuant to FRCP 39(b)  Alternatively, Defendant moves for an enlargement of the time in which to serve a jury demand pursuant to FRCP 6(b).

    **1.    The Court Should Exercise its Discretion to Accept Plaintiff's Supplemental Jury Demand Because the Deletion of the Jury Demand was Beyond Mere Inadvertence.**

FRCP 39(b) provides that in the event that no jury demand is made, "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury trial might

have been demanded." Rule 39(b) itself does not include any limitations on the court's discretion to grant 39(b) motions. Appellate courts apply an abuse of discretion standard of review to a trial court's decision to grant or deny Rule 39(b) motions and generally refuse to interfere with a the trial court's decision. *See, Chandler Supply Co. v. GAF Corp.*, 650 F.2d 983, 987 (9th Cir. 1980), *see also*, 9 Wright and Miller, *Federal Practice and Procedure*, § 2334 (3d ed.) fn 40.

The Declaration of Andrea Moya establishes that the Plaintiff originally included the jury demand in the initial draft versions of the original Complaint that was later filed in the state court. Plaintiff's counsel regularly makes such demands in these cases and intentionally included the language when drafting the document. The removal of the language was not done by counsel and there is no explanation for how it occurred. Regardless, its occurrence was beyond mere oversight or inadvertence.

2. **Alternatively, The Court Should Exercise its Discretion to Accept Plaintiff's Supplemental Jury Demand Because of the Potential Harm to the Plaintiff and Lack of Prejudice to Defendant.**

The U.S. District Court for the Central District has granted relief from waiver of demand despite finding it was caused by mere inadvertence or oversight when the case involved volatile issues, such as racially motivated discriminatory behavior. *Johnson v. Dalton*, 57 F.Supp.2d 958 (C. Calif. 1999)("*Johnson*"). In

*Johnson*, the court granted the Plaintiff, who alleged racial harassment against her employer, relief from her failure to file a formal demand for jury trial within the allotted time under Rule 38. *Id.* The Plaintiff had checked the box on the civil cover sheet indicating that she had made a jury demand and indicated during the mandatory status conference that she had expected a jury trial. *Id.* at p. 959. The Central District Court found that it had the discretion to grant the relief from jury demand waiver in "the Rule itself, case law, and policy" based on the following reasoning:

"First, Rule 39(b) clearly grants the Court "discretion" to choose to override the waiver provision of Rule 38. The Rules do not limit this discretion at all.

"Second, adopting a flexible approach to Rule 39 comports with the general intent behind the Federal Rules of Civil Procedure:

Technical insistence upon imposing a penalty for failing to follow the demand procedure by denying a jury trial is not in the spirit of the Federal Rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case,

rather than with a fixed policy against granting the application or even a preconceived notion that applications of this kind usually are to be denied.

9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 2334 (footnotes omitted).

"Third, although Ninth Circuit cases suggest more narrow discretion to grant untimely motions for jury trial, the case law in general upholds the discretion of the trial court.

"Fourth, the Constitution guarantees a right to a jury trial. While the waiver provisions raise no constitutional infirmity, it is more in keeping with the spirit of the important right at issue to allow a trial judge to reinstate the jury trial.

"Fifth, a narrow reading of Rule 39(b) would in this case allow a mistake by counsel to harm the client.

"Sixth, the jury demand, while untimely, does not prejudice defendant. The jury demand was made only a few months late. Trial is still many months away. Defendant does not and could not claim prejudice.

"Seventh, the right to trial by jury is especially important in this particular case. In a case such as this one which involves serious allegations of racial and sexual harassment and discrimination, the collective wisdom of the community should act as a constant guide. When facing such volatile issues, the input of the jury can increase the legitimacy and integrity of the court system."

*Johnson v. Dalton, supra*, 57 F.Supp.2d at p. 961.

As in *Johnson*, the Plaintiff in the instance case alleges the volatile issue of racially motivated discriminatory behavior in the workplace. 1) The court has the discretion acknowledged in *Johnson* to override the waiver provisions of Rule 38. 2) The Court should follow the spirit of the FRCP and recognize that the facts of racially motivated discriminatory behavior alleged are of the type best suited for a jury to be employed. 3) As *Johnson* recognized, case law allows for the Court to exercise this discretion. 4) The right to a jury trial is so important in our society that it is enshrined in our Constitution and should be reinstated in this instance. 5)

Plaintiff would potentially be harmed by what is at worst an inadvertent typographical error.  6)  The Defendant is not prejudiced in this matter because this demand is only a few months late and there is not even a trial date set yet.  7) Since this case revolves around issues of racially motivated workplace discrimination it is expressly the type of issue recognized by *Johnson* in which the collective wisdom of the community is needed as a guide.

### 3. Alternatively, The Court Should Excuse Plaintiff's Late Jury Demand and Extend the Time Period So That the Request is Timely.

An independent basis to order a jury trial exists under the "excusable neglect" equitable balancing test of FRCP 6(b).  Rule 6(b)(1)(B) provides that when an act may or must be done within a specified time, the court may for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect.  Rule 6(b) is "generally applicable to *any* time requirement found elsewhere in the rules unless *expressly* excepted." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership* (1993) 507 U.S. 380 ("*Pioneer*")(emphasis added).  Under this reasoning, because Rule 38(b) is not specifically excepted under Rule 6(b)(2), the Rule 38(b) time limit can be extended.  The U.S. Supreme Court held that the inquiry into whether a failure to comply with a time constraint constitutes "excusable neglect" is "at bottom an

equitable one, taking into account of all relevant circumstances surrounding the party's omission," including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith. *Id.* at p. 395. The Supreme Court specifically held that "excusable neglect" extended to "inadvertent delays" and is "not strictly limited to omissions caused by circumstances beyond the control of movant." *Id.* at 392. The holding in *Pioneer* has been interpreted to mean that Rule 6(b) is required to have a more liberally applied standard than Rule 39. *Raymond v. IBM Corp.*, 148 F.3d 63, 66 (2d Cir. 1998) ("*Raymond*"). *Raymond* involved a state law employment case in which the Plaintiff filed a complaint and jury demand, but failed to serve the jury demand on the defendant within the ten days proscribed under Rule 38(based on a "clerical error" which went unnoticed for nearly two years until the Defendant filed a motion for bench trial a month out from trial. *Id.* at p. 65. The Second Circuit held that the District Court acted well within its 6(b)(2) discretion in allowing late service of a jury demand because there was little indication of prejudice, there was no bad faith, and the parties otherwise seemed to contemplate a jury trial. *Id.* at p. 66-67.

If the Court finds that this is a case of excusable neglect, it should grant this request for renewed time to request a jury trial under Rule 6(b). The instant case involves what is at its worst an unnoticed clerical error as in *Raymond*. However, unlike in *Raymond* in which the error was unnoticed for almost two years, here the

11

error was unnoticed and sought to be corrected within a year. The other party is not adversely prejudiced by this motion being granted because they clearly have sufficient time to prepare for a jury trial since a trial date has yet to even be set. The delay was caused by Plaintiff's belief that the jury demand had already been made, and this good faith request to the Court is meant to correct that error. There is no indication that either party was contemplating anything but a jury trial or has done anything in reliance on an erroneous belief that a bench trial was desired.

## CONCLUSION

Plaintiff is entitled by the Constitution to the benefits of a jury trial. That right was not waived because the civil docket cover sheet, which was served upon the Defendants, indicated that a jury demand was made. If the Court deems that to be an insufficient demand, the Court has and should exercise the power to either grant this demand now or to enlarge the time to make the demand so that Plaintiff's Constitutional right is protected.

Dated: December 17 2014           ORLAND LAW GROUP

                                  By: _____
                                      James J. Orland
                                      Attorney for Plaintiff COURTNEY
                                      BARNES

## DECLARATION OF ANDREA MOYA

I, ANDREA MOYA, do declare and state as follows:

1. The facts set forth are true of my own personal knowledge unless otherwise indicated and, if called upon to testify, I could testify competently to those facts.

2. This Declaration is made in support of Plaintiff's Motion for Jury Trial.

3. I am employed by James Orland, Esq. as his legal secretary/paralegal.

4. I observed that the Jury Demand box on the civil docket cover sheet was appropriately marked, indicating that a jury demand was being made.

5. It is my standard practice to serve the civil docket cover sheet upon the opposing party.

6. In this instance I followed my standard practice by serving the civil docket cover sheet upon the opposing party.

7. The service to the opposing party was timely and properly executed.

8. I filed the civil docket cover sheet containing the jury demand with the court within 26 days of service to the opposing party.

9. I have observed that it is Mr. Orland's regular practice to include jury demands in cases such as this.

10. In this particular case, I observed the jury demand language in early drafts of the Complaint.

13
****
BARNES v. SONY, et al   Case No: CV 14-00965 DDP (JCGx)

11. I was never directed by Mr. Orland to remove the jury demand language.

12. I did not remove the jury demand language from the document and cannot explain how it was removed.

13. I believe the removal of the jury demand language was somehow a clerical error.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this 18 day of December, 2014, in Manhattan Beach, California.

_____
ANDREA MOYA

# DECLARATION OF JAMES ORLAND, ESQ.

I, JAMES J. ORLAND, ESQ., do declare and state as follows:

1. I am an attorney at law, duly admitted to practice before all the courts of the State of California and the Honorable Court. I am counsel of record for Plaintiff Courtney Barnes ("Plaintiff") in this action. I have first-hand personal knowledge of the facts set forth below and, if called as a witness, I could and would testify completely thereto.

2. This Declaration is made in support of Plaintiff's Motion for Jury Trial.

3. It is my regular practice to demand a jury in cases such as these.

4. I intended to follow my regular practice of demanding a jury trial in cases such as this and exhibited this intent by including the jury demand language in early drafts of the Complaint.

5. I never removed the jury demand language, nor did I ever direct anyone in my office to remove it.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this ___ day of December, 2014, in Manhattan Beach, California.

_____
JAMES J. ORLAND

# DECLARATION OF JEFFREY OLIN, ESQ. AND CERTIFICATION OF COMPLIANCE WITH LOCAL CIVIL RULE 7-3

I, JEFFREY J. OLIN, ESQ., do declare and state as follows:

1. On December 16, 2014 I met and conferred telephonically in good faith with Peter J. Anderson, Esq. pursuant to Local Civil Rule 7-3 in an attempt to eliminate the need for this Motion.

2. The December 16, 2014 teleconference was unsuccessful in eliminating the need for this Motion.

I declare under penalty of perjury under the laws of the State of California and of the United States of America that the foregoing is true and correct.

Executed this 16th day of December, 2014, in Manhattan Beach, California.

JEFFREY J. OLIN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# PROOF OF SERVICE

I am employed in the office in the county of Los Angeles, State of California of a member of the Bar of this Court at whose direction the service was made. I am over the age of eighteen years and not a party to the within action. My business address is 1334 Parkview Avenue, Suite 100, Manhattan Beach, CA 90266.

On December 22, 2014, I served a true copy of this **NOTICE OF MOTION AND MOTION TO RECOGNIZE PLAINTIFF'S TIMELY JURY DEMAND AND ALTERNATIVELY TO ALLOW PLAINTIFF'S SUPPLEMENTAL JURY DEMAND; DECLARATION OF ANDREA MOYA IN SUPPORT THEREOF; MEMORANDUM; [PROPOSED] ORDER** by delivering it to the person(s) indicated below in the manner as provided in FRCP 5(b); to the following:

Peter J. Anderson
LAW OFFICES OF PETER J. ANDERSON
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
310/260-6030; FAX 310/260-6040

*ATTORNEY FOR DEFENDANTS SONY MUSIC ENTERTAINMENT; RCA MUSIC GROUP and SARAH DENNISON*

/ X / **By Mail:** I caused such envelope to be deposited in the United States Mail at Los Angeles, California with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in the affidavit.

/ / **By Personal Service:** I caused the delivery such envelope by hand to the addressee as listed above.

/ / **By Email:** I caused the delivery of such documents by electronic mail to the email address as listed above.

I hereby certify under the penalty of perjury that the foregoing is true and correct.

ANDREA MOYA

****
BARNES v. SONY, et al   Case No: CV 14-00965 DDP (JCGx)